**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL LAINEZ-URQUILLA, | No. 20-71714 |
| Petitioner, | Agency No. A070-075-301 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2021**

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Rafael Lainez-Urquilla, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review de novo questions of law.  *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2016). We deny in part and dismiss in part the petition for review.

In his opening brief, Lainez-Urquilla does not challenge the BIA's determinations that his motion to reopen was time- and number-barred, and that he had not shown equitable tolling of the 90-day time limit should apply. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (concluding petitioner waived challenge to issue not specifically raised and argued in his opening brief).

We reject as unsupported by the record Lainez-Urquilla's contention that the BIA erred in its analysis by failing to fully consider his claim.

We lack jurisdiction to review the BIA's denial of sua sponte reopening for Lainez-Urquilla to seek adjustment of status, because he does not show a legal or constitutional error that would invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**